IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE BROWN, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>HEALTH CARE SERVICE )<br>CORPORATION, )<br>)<br>        Defendant. ) | No. 11 C 5963 |

MEMORANDUM ORDER

    Michelle Brown ("Brown") appears to believe that because she is proceeding pro se in this action she can operate outside of the boundaries prescribed by the Federal Rules Civil Procedure and the principles established by the caselaw. Not so – although a degree of special solicitude exists in a court's dealing with non-lawyers who represent themselves, that does not extend to allowing such persons to make and follow their own "rules." In this instance this Court has provided – on more than one occasion – a careful explanation as to why Brown is not entitled to the production of certain documents that relate to James Walsh of defendant Health Care Service Corporation ("Health Care") but that message has apparently not gotten over to her.

    Initially, on May 9 this Court granted orally Health Care's motion for a protective order in that respect. Nothing daunted, Brown has most recently filed what she characterizes as a Motion to Reconsider and/or Clarify Defendant's Motion for Protective Order, in opposition to which Health Care has now filed a May 25 response. This memorandum order memorialized what this Court repeated at today's hearing on Brown's motion.

    Health Care is right and Brown is wrong. Neither reconsideration nor clarification is called for. With the parties having previously agreed to submit their dispute to mediation, it

must proceed with Brown having been armed with the salary and bonus range information for the Corporate Vice President position that she sought in 2007 – not the specific information as to Walsh's compensation level, either then or since then. If Brown refuses to proceed with mediation efforts because she has been denied access to detailed personnel information that is essentially confidential in nature, any resulting wound will have been self-inflicted.[1]

This Court has previously set a July 17, 2012 date for the next status hearing. That remains in place, unless the parties have been successful in resolving the dispute in the interim.

                                                */s/ William D. Shadur*
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: May 29, 2012

---

[1] What is said here should not be misunderstood. If at some future point, with the matter not having been resolved through mediation, the information should become relevant for summary judgment or trial purposes, this Court remains free to take a fresh look at the subject in that context.